## PHILADELPHIA & READING COAL & IRON CO. v. ORAVAGE.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

### No. 79.

1. MASTER AND SERVANT ⊂⇒180—LIABILITY FOR INJURIES—NEGLIGENCE OF FELLOW SERVANTS.

The Pennsylvania Liability Act (Act June 10, 1907 [P. L. 523] § 1) provides that the negligence of a fellow servant of an employé shall not be a defense, where an injury was caused or contributed to by the neglect of any person engaged as superintendent, manager, foreman, or any person in charge or control of the works, plant, or machinery, or the negligence of any person in charge of or directing the particular work in which the employé was engaged at the time of the injury or death. A sweeper in a coal breaker, employed to clean out screenings between the tracks, was killed as a result of the negligence of a person in charge of the work of running loaded cars down such tracks by gravity in failing to give the sweeper adequate warning. Held, that he was in charge as the alter ego of the defendant in the particular work, and for his negligence the defendant was liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 359–361, 363–368; Dec. Dig. ⊂⇒180.]

2. MASTER AND SERVANT ⊂⇒286—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

In an action for the death of a sweeper in a coal breaker, engaged in cleaning out screenings accumulating between the tracks and struck by a car running down the track by gravity, with no one on board to manage it, the person in charge of the work of sending cars down the tracks testified that he shouted a warning to decedent. A witness working about 20 feet from decedent testified that he heard no warning shouts. Held, that this testimony, in connection with the presumption that an able-bodied, prudent man, with an experience of six years in the business in question, would not remain in a position where he was sure to be crushed to death if such warning shouts had been given, made a question for the jury as to the giving of such warning.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. ⊂⇒286.]

Lacombe, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of New York.

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Anna Oravage against the Philadelphia & Reading Coal & Iron Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Armstrong, Brown & Purdy, of New York City (Pierre M. Brown, of New York City, of counsel), for plaintiff in error.

Rufus M. Overlander, of New York City (Herbert C. Smyth, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. [1] The plaintiff sues to recover damages for the death of her husband while engaged in working for the defendant in the capacity of "sweeper"—his duties being to clean out the screenings which accumulate between the tracks in the defendant's coal breaker. John Walsh was the person in charge of the cars and directed how many cars should be brought down for loading each day. As there was a grade there the cars were run down by gravity. At the time of the accident Walsh released the brakes on two empty cars and they started down grade with the patent brake set so that they would couple with a single car standing on the track. The coupling device did not work. The force of the impact jolted the brakes off the single car and started it down the track with no one on board to manage it; the result being that it struck and killed Oravage. He was standing with his back towards the runaway car. There was a brisk wind blowing and the breaker made considerable noise. It must be conceded that the accident was due to the neglect of Walsh to give adequate warning but the defendant insists that he was only a fellow servant of Oravage and was not a foreman or person in charge referred to in the Pennsylvania Liability Act. This, we think, is the pivotal question in the case. The act provides, inter alia, that:

"The negligence of a fellow servant of the employé shall not be a defense where the injury was caused or contributed to by any of the following causes, namely: Any defect in the works, plant or machinery, of which the employer could have had knowledge by the exercise of ordinary care; the neglect of any person engaged as superintendent, manager, foreman, or any * ' * * person in charge or control of the works, plant or machinery; and negligence of any person in charge of or directing the particular work in which the employé was engaged at the time of the injury or death." Act June 10, 1907 (P. L. 523) § 1.

There is nothing to show that Oravage was not a careful and prudent man. The fact that he had been working for the defendant for a period of six years as sweeper is persuasive evidence of his efficiency in that capacity. The business was from its very nature an exceedingly dangerous one on account of the grade, the noise, the dust and the smoke. In order to control the situation it was necessary that some one should be in charge of the work as required by the law. If Walsh were not such person it must be admitted that the defendant was conducting a highly dangerous business with no one in charge. We have no doubt that Walsh was in charge as the alter ego of the defendant in this particular work. The cars were run by his orders, he directed the time of running and the number of the cars. The defendant relies upon the case of Remmert v. Penna. Railroad,

18 Pa. Dist. R. 372, which holds that an engineer of one locomotive is the follow servant of another engineer and with this ruling we quite agree. We do not, however, recognize its application to the case of a "sweeper," whose duty it is to clean the spaces between the tracks and who is killed through the neglect of one who has general charge of the work of loading and bringing down by gravity the loaded cars of the defendant. The other cases cited by the defendant are easily distinguishable upon the facts.

[2] It is said there is no positive proof that Walsh failed to give warning. There is the stipulated testimony of Seiwinski who was working about 20 feet from where Oravage was struck who did not hear any of the warning shouts testified to by Walsh. In addition there is the presumption that an able-bodied, prudent man with an experience of 6 years in the particular business in question would not remain in a position where he was sure to be crushed to death if the warning shouts testified to by Walsh were given.

The questions of negligence were questions of fact and the jury answered both in favor of the plaintiff. We see no reason to disturb their verdict of $2,250 which was a conservative one considering all the circumstances.

The judgment is affirmed.

LACOMBE, Circuit Judge. I dissent for the reason that I am not satisfied that Walsh was in charge, or control, or was directing within the meaning of the statute.